TRAMMELL, Plaintiff-Appellee, v. MORGAN, Jr., Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3892. Decided October 17, 1957.

H. B. Solimano, Dayton, John W. Powers, Youngstown, for defendant-appellant.

Hammond & Hammond, Youngstown, for plaintiff-appellee.

## OPINION

Per CURIAM.

While defendant appealed on questions of law and fact he submitted the appeal on questions of law from a judgment of the Court of Probate in plaintiff's action against defendant for declaratory judgment asking the court to determine the validity of a written contract dated April 11, 1955, entered into between plaintiff and Langston C. Morgan, Sr., defendant's father as guardian for defendant, by the terms of which plaintiff agreed to manage defendant as a boxer until November 15, 1955; and also to determine the validity of a five year extension by endorsement on the contract dated October 9, 1955, entered into between plaintiff and L. C. Morgan, which endorsement provided as follows:—

"October 9, 1955

"I, Jack Trammell, and L. C. Morgan agree to continue this contract for 5 years after L. C. becomes 21 years old.

"I, Jack Trammell, the manager agree to purchase a home for L. C. suitable for his family, at a fair price to be paid out of L. C.'s earnings as a boxer.

Jack Trammell, Manager
L. C. Morgan, Boxer."

The parties performed the terms, conditions and covenants of the original agreement, but no consideration for the endorsement dated October 9, 1955, was paid.

On November 17, 1955, defendant secured other contracts.

It was then the action we review was commenced in the Court of Probate.

The trial judge found:

"That L. C. Morgan, Jr., defendant herein, was born on November 15, 1933.

"That L. C. Morgan, Jr., Defendant, L. C. Morgan, Langston L. C. Morgan and L. C. Stokes are one and the same person. * * *.

"That L. C. Morgan, Sr., was appointed guardian of the person and estate of L. C. Morgan, Jr., on April 11, 1955.

"That L. C. Morgan, Sr., as guardian of L. C. Morgan, Jr., entered into a contract with Jack Trammell, plaintiff herein, for the exclusive and personal services of L. C. Morgan, Jr., as a boxer, on April 12, 1955, which contract is plaintiff's Exhibit One and that Jack Trammell, plaintiff, and L. C. Morgan, Jr., defendant, each performed under the terms of said contract. * * *

"That on November 17, 1955 L. C. Morgan, Jr., defendant herein, entered into a contract with Theodore F. Ordanik for the exclusive and personal services of L. C. Morgan, Jr., as a boxer without the knowledge or consent of Jack Trammell, plaintiff herein, for a period of five years beginning November 17, 1955.

"That said contract, defendant's Exhibit E, was assigned to Tom Tannes on April 10, 1956 by Theodore F. Ordanik with the consent of L. C. Morgan, Jr., defendant herein, and without the knowledge or consent of Jack Trammell, plaintiff herein. * * *.

"'* * * that the plaintiff, Jack Trammell, had a reasonable time after October 9, 1955, to perform that part of the contract whereby he agreed to purchase a home for defendant, L. C. Morgan, Jr., under the conditions therein stated and that such reasonable time had not expired when L. C. Morgan, Jr., breached the contract by refusing to perform under it and by the execution of a new contract to Theodore F. Ordanik for the exclusive right to his services as a boxer as shown by defendant's Exhibit E. * * *.

"'* * * that plaintiff, Lloyd Trammell, a. k. a. Jack Trammell, has a valid and enforceable contract for the exclusive services of L. C. Morgan, Jr., defendant, as a boxer until November 15, 1959 under the terms and conditions embodied and contained in plaintiff's Exhibit One and the writing on the reverse side of page two of said plaintiff's Exhibit One."

Defendant claims that the findings of the trial judge are manifestly against the weight of the evidence and contrary to law; that the judgment of the trial court is not sustained by sufficient evidence and is against the manifest weight thereof and contrary to law, in which claims we concur.

We have hereinabove said that the consideration for the so-called second contract had not been paid. The Probate Court held that plaintiff had a reasonable time to purchase the home provided for. We hold

the provisions for such purchase are too indefinite for enforcement, and that the contract never became effective because the purchase of the home by plaintiff was a requirement precedent to the agreement becoming effective as a binding contract, **no other** consideration therefor appearing.

There being no enforceable consideration for such contract the trial court should have rendered final judgment declaring the same void and unenforceable, and this court coming now to render the judgment which the trial court should have rendered final judgment is entered for defendant.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.